Gibson J.
To this writ of habeas corpus, Letitia King returns, that she holds the relator, Jacob Rieval, by the authority and direction of the executors of her deceased husband, to whom, and his heirs and assigns, he was bound, as an apprentice to the art and mystery of a shoemaker, by indenture, bearing date the 22d day of August, 1815. The binding was for five years, which have not yet elapsed. It is not contended, that the case falls within the second section of the act of 11th April, 1799. By that act, if the term extends to executors and administrators, the remainder of it, unexpired at the death of the master, may be assigned by the executor or administrator, to such suitable person of the trade or calling, mentioned in the indenture, as shall be approved of by the Court of Quarter Sessions of the proper county. The binding in this case, is not such as the act describes ; and to construe the words “ heirs and assigns,” as being equivalent to executors and administrators, would make a new contract for the parties, and, in most cases defeat their actual intention. The contract is, in its nature, *110 fiduciary on the part of the master. The personal confidence reposed in him', is one (perhaps the chief,) ingredient in the consideration of the contract; and, however willing a parent or guardian may be, that the apprentice shall be assigned by the master himself, in whose integrity and discre*tion they have confidence, or remain with his family after his death, yet they may with reason, be unwilling to delegate the same authority to his executors or administrators, who may be strangers to them, or persons wholly unworthy of their confidence. The act confers an authority unknown to the common law, and we must adhere strictly to its words. But, were it otherwise, the executor acquires no interest in the residue of the term; he has a naked authority to assign with the approbation of the Court, and in the mean time, he is not entitled to the .custody of the apprentice, and cannot exercise any personal authority over him. The power delegated by the act, must be exercised in a reasonable time, under all the circumstances of the case; otherwise the apprentice will be at liberty to provide for himself. Here the executors, even if the term had extended to them, have not exercised the authority in the manner prescribed; and Letitia King\ cannot by their authority and direction, exercise a power which they have not.
But it is contended, that the act does not change the provisions of the common law, but gives a remedy over and above it; and that the relation of apprentice and master, does not cease on the death of the latter, but that his executors are substituted in his stead, at least, for the purpose of performing on his part, all the covenants that were not merely personal. The early cases certainly went this length. In Wadsworth v. Gye, 1 Sid. 216, decided in the 16 Car. 2, and which has been constantly since, cited as an authority, directly contrary to what on' inspection it appears to be, it was held, that the apprentice remains an apprentice to the executor, for, although he cannot instruct him, he is bound to find him in meat and drink during the term, and that the term does not determine by the death of the master, but survives him. The same case is reported in 1 Keble, Ü61, in which it is said, the Court inclined, that .the indenture survived. In the succeeding year, Walker v. Hull, 1 Lev. 177, was decided, where it was held, that the- executors are bound by the covenant of the master, to teach the apprentice *111 his trade, and that if they are not of the same trade, they ought to assign him to another that is. This case has been since p-iven up, and denied to be law, in Baxter v. Burfield, 2 Strange, 1266. In The King v. Peck, 1 Salk. 66, determined in the 10 W. 3, we find the Judges inclining to the old notion of the apprenticeship continuing after the death of the master, at least, as to maintenance, and that although the covenant for instruction failed, yet the indenture subsisted for all other purposes between the apprentice and the executor. But in Baxter v. Burfield, it was decided, the binding is to the man, to learn his art and serve him, without any mention of executors, and that the purpose of the indenture is a mere personal trust, on the part of the master, the apprentice being bound on account of his integrity and ability in his profession. This case has ever since been considered, as having settled the law. And the principle is' corroborated by many analogous decisions. The right of the master cannot be assigned to another, nor can he send the apprentice out of the realm, unless there be an express stipulation in the covenant, or the nature of the business to be learned, should indicate a necessity for it, and evince that it must have been in the contemplation of the parties. Rex v. The parish of Aicles, 12 Mod. 553. Salk. 66. S. C. Rex v. Channel, 3 Keble, 519. Coventry v. Woodall, Hobart, 134. The reason \fhy the master shall not assign, applies with equal force to a transmission of his power to his executor, which is an assignment by operation of law. In Massachusetts it has been dedecided, that an apprentice cannot be sent out of the state. Davis v. Coburn, 8 Mass. Rep. 306. It seems to be held, however, that the executor remains liable as to covenants, to provide meat, drink, clothing, &c. although not liable on the covenant to instruct. This appears to be an absurdity, and if the point should arise again, it would, I apprehend, receive a different decision. The contract to provide for the apprentice, is grounded on the civil relation that exists between him and the master, and when that relation ceases, so should all its incidents. The covenant to maintain, is grounded on the covenant to serve, and a want of mutuality in this respect, should release both parties. On the whole, it is the opinion of the Court, that the apprentice be discharged.
Appx-entice discharged.